UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, and THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE <br><br> Plaintiffs, <br><br> v. <br><br> ELI LILLY AND CO., <br><br> Defendant | Civil Action No. 02 CV 11280 RWZ |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL THE TESTIMONY OF DR. RICHARD B. GAYNOR

Pursuant to Federal Rules of Civil Procedure 26 and 37, and the Local Rules of this Court, Plaintiffs, Ariad Pharmaceuticals, Inc. ("Ariad"), Massachusetts Institute of Technology ("MIT"), the Whitehead Institute for Biomedical Research, ("the Whitehead Institute") and the President and Fellows of Harvard College ("Harvard"), respectfully move for an order compelling Defendant Eli Lilly and Co., ("Lilly") to produce Dr. Richard B. Gaynor as a witness for deposition in this action.

I.   STATEMENT OF FACTS

Lilly hired Dr. Gaynor as Vice President, Cancer Research and Clinical Investigation in 2002. Before joining Lilly, Dr. Gaynor held a position as Professor of Medicine and Microbiology at the University of Texas Southwestern Medical School. While there, over the course of several years, Dr. Gaynor conducted research relating to the NF-κB pathway and published numerous scientific articles on that research. (See,

e.g., Exhibits A, B & C). Moreover, Lilly has relied on one of Dr. Gaynor's publications describing studies conducted with sulindac, which Lilly contends support its inherent anticipation defense. (See Lilly's Second Supplemental Responses to Plaintiffs' First Set of Interrogatories, pp.12-14, Exhibit D, (citing Exhibit A)). Dr. Gaynor has apparently maintained interest in the NF-kB field, and since joining Lilly, has given at least one presentation on NF-kB, a June 2003 talk entitled "Regulation of the NF-κB Pathway." (See Exhibit E, p. 3).

Despite these facts, in response to Plaintiffs' October 27, 2004 notice for Dr. Gaynor's deposition, Lilly refused to provide Dr. Gaynor as a witness. Claiming that they could not understand the basis for Dr. Gaynor's deposition, Lilly objected to the notice in a letter dated November 9, 2004. (See Exhibit F). Plaintiffs requested a copy of Dr. Gaynor's *curriculum vitae* in order to further assess Lilly's objections. (See Letter to Alison Baldwin, November 10, 2004, Exhibit G). Lilly has still not complied with this request.

At the meet and confer held on January 7, 2005, the parties could not agree on Lilly's request to limit the scope of Dr. Gaynor's deposition, and Lilly indicated that it would therefore refuse to provide any date and file a motion to quash. Plaintiffs therefore respectfully seek the Court's assistance in obtaining Dr. Gaynor's deposition.

## II. ARGUMENT

"[T]he broad mandates of Fed. R. Civ. P. 26 demand that the scope of discovery be liberally construed so as to provide both parties with information essential to proper litigation on all the facts. 'The basic philosophy of the present federal procedure is that prior to trial every party to a civil action is entitled to the disclosure of all relevant

2

information in the possession of any person, unless the information is privileged.'" *M. Berenson Co., Inc. v. Faneuil Hall Marketplace, Inc.*, 103 F.R.D. 635, 637 (D. Mass. 1984)(citations omitted). To these ends, a court may properly compel a party to provide a witness for questioning at deposition. *See, e.g. Equal Employment Opportunity Commission v. Electro-Term, Inc.*, 167 F.R.D. 344 (D. Mass. 1996).

As a senior Lilly scientist who undoubtedly communicates with many other Lilly employees, and as someone with a career interest in the NF-kB field, it is difficult to imagine that Dr. Gaynor does not have at least some factual knowledge concerning work done at Lilly relevant to this case[1]. It is inappropriate for Lilly to unilaterally decide that Dr. Gaynor has no such information. Plaintiffs should be allowed a full opportunity to explore what Dr. Gaynor knows about information in Lilly's possession that may be relevant to this case.

Furthermore, to the extent that Lilly relies on any of Dr. Gaynor's past work to contest the validity of Plaintiffs' asserted patent claims, Plaintiffs should be allowed a full opportunity to examine Dr. Gaynor on that and any related work he has conducted that bears on this issue. For example, through such work, whether published or not, Dr. Gaynor may be well aware of other information that contradicts or refutes material Lilly now relies on for its arguments. For Lilly to argue that Plaintiffs should be limited in obtaining discovery of such information, simply because Dr. Gaynor was not a Lilly employee at the time, has no logical basis.

---

[1] For example, Dr. Gaynor, as Vice President of Cancer Research and Clinical Investigation is likely to have information about Lilly's studies with raloxifene in postmenopausal women at high risk for breast cancer relevant to this case (Exhibit H, pp. 390-391).

3

## III. CONCLUSION

For all the foregoing reasons, Lilly's continued refusal to make Dr. Gaynor available is unreasonable. Plaintiffs therefore respectfully the Court to grant their motion for an Order compelling Lilly to provide Dr. Gaynor for his deposition.

Dated: January 14, 2005

Respectfully Submitted

By: *Vladimir Drozdoff (CKLT)*

Leora Ben-Ami
Patricia A. Carson
Thomas F. Fleming
Vladimir Drozdoff
KAYE SCHOLER LLP
425 Park Avenue
New York, NY, 10022
Tel: (212) 836-8000
Fax: (212) 836-8689

Lee Carl Bromberg BBO# 058480
Kerry L. Timbers, BBO# 552293
BROMBERG & SUNSTEIN LLP
125 Summer Street
Boston, MA, 02110
Tel: (617) 443-9292

### CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing document by hand delivery and Federal Express upon counsel of record for the defendant on the above date.

*Kerry L. Timbers*