UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARIAD PHARMACEUTICALS, INC., MASSACHUSETTS INSTITUTE OF TECHNOLOGY, THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH, and THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE <br><br> Plaintiffs, <br><br> v. <br><br> ELI LILLY AND COMPANY, <br><br> Defendant. | Civil Action No. 02 CV 11280 RWZ <br><br> U.S. District Judge <br> Rya W. Zobel |

### ELI LILLY'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL LILLY TO OFFER A TIMELY DATE FOR DR. RICHARD GAYNOR'S DEPOSITION

Plaintiffs' motion is the epitome of Plaintiffs' absolute unwillingness to work with Lilly in resolving any discovery issues in an amicable manner. Plaintiffs' entire motion is simply an argument over scheduling of a single deposition and a matter of days. Moreover, Plaintiffs' motion also appears to contradict their own scheduling of fact discovery, as Plaintiffs have requested that a damages-related deposition be scheduled between June 6th and June 10th: "We would appreciate it if you could inquire as to Mr. Noonan's availability the week of June 6 – 10, 2005."

Following this Court's ruling of March 14, 2004 regarding the deposition of Dr. Gaynor, Lilly provided Plaintiffs with a proposed date of April 28, 2005 for Dr. Gaynor's deposition. (Exhibit A of Plaintiffs' Motion) In the correspondence offering this April 28th date, counsel for Lilly specifically cautioned Plaintiffs' counsel that Dr. Gaynor was

1

traveling extensively throughout the month of April and had a very complicated schedule. Plaintiffs rejected the April 28th date due to "various scheduling obligations." Apparently, neither Ms. Ben-Ami, Ms. Carson, nor Mr. Drozdoff, could be bothered with rearranging their schedules to accommodate this date. Yet, they now expect that Dr. Gaynor should have to try to rearrange his schedule to accommodate them.

At the time that Lilly offered the April date, Lilly believed that Dr. Gaynor may have date of availability some time in May. By the time that Plaintiffs rejected that deposition date, however, Lilly found that Dr. Gaynor was not available until June 8th. Counsel for Lilly has repeatedly tried to find an earlier date for Dr. Gaynor's deposition. (Exhibits A – E of Plaintiffs' Motion) Unfortunately, Dr. Gaynor is out of town for the entire beginning of May for conferences. The remainder of the month of May, Dr. Gaynor is involved in at least two business transactions involving travel and meetings with third parties. Neither Dr. Gaynor nor Lilly have control over the timing of the conferences or the meetings required for these business transactions.

Lilly understands Plaintiffs' concern that this June 8, 2005 date may be considered two days after the close of discovery, pursuant to the notes from this Court entered on April 8, 2005 which stated that "discovery is to be continued 2 months." There is some confusion by the parties as to whether the note set the discovery cut off for two months from the April 6, 2005 status conference or two months from the entry of April 8, 2005. However, even assuming that the Court intended that fact discovery be completed by June 6, 2005, Lilly agreed, in light of the scheduling difficulties brought on by Plaintiffs' counsels' unavailability and Dr. Gaynor's work obligations, not to object to Dr. Gaynor's deposition taking place taking place on June 8, and even agreed to sign a Joint Motion to

that effect if necessary. (Exhibit E of Plaintiffs' Motion) Plaintiffs are simply unwilling to compromise on any front. They are unwilling to accommodate their schedules for that of the witness and they are unwilling to work with Lilly to resolve this discovery issue without this Court intervention. In fact, counsel for Plaintiffs did not even provide Lilly the courtesy of notifying Lilly that they were rejecting Lilly's offer to sign a Joint Motion. Plaintiffs simply filed this Motion to Compel instead.

Lilly respectfully asks this Court not to condone Plaintiffs' actions by forcing Dr. Gaynor to appear for a deposition in May. Thereby, Lilly requests deny Plaintiffs Motion to Compel and allow Dr. Gaynor to appear for his deposition on June 8, 2005.

Date: May 13, 2005

*/s/ Leslie McDonell*
Lawrence R. Robins (BBO# 632610)
Leslie A. McDonell (BBO# 653000)
Christopher S. Schultz (BBO# 630814)
FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
Facsimile: (617) 452-1666

**Of Counsel**
Paul R. Cantrell
Gilbert T. Voy
Alexander Wilson
**Eli Lilly and Company**
Lilly Corporate Center
Indianapolis, IN 46285
Telephone: (317) 276-3885
Facsimile: (317) 276-1294

Paul H. Berghoff
Grantland G. Drutchas
David M. Frischkorn
**McDonnell Boehnen Hulbert & Berghoff LLP**
300 South Wacker Drive, Suite 3200
Chicago, IL 60606
Telephone: (312) 913-0001
Facsimile: (312) 913-0002

**Attorneys for Defendant Eli Lilly and Company**

## CERTIFICATE OF SERVICE

I, Jenny E.S. Macioge, hereby certify that on May 13, 2005, a true and correct copy of the foregoing was served by the indicated means to the persons at the addresses listed:

| | |
|---|---|
| Lee Carl Bromberg<br>Kerry L. Timbers<br>BROMBERG & SUNSTEIN LLP<br>125 Summer Street<br>Boston, MA 02110 | ☒ Via First Class Mail<br>☐ Via Hand Delivery<br>☐ Via Overnight Courier<br>☐ Via Facsimile (w/out exhibits) |
| Leora Ben-Ami<br>Patricia A. Carson<br>Vladimir Drozdoff<br>KAYE SCHOLER LLP<br>425 Park Avenue<br>New York, NY 10022 | ☐ Via First Class Mail<br>☐ Via Hand Delivery<br>☒ Via Overnight Courier<br>☒ Via Facsimile (w/out exhibits) |

_____
Jenny E.S. Macioge

FINNEGAN, HENDERSON, FARABOW,
 GARRETT & DUNNER, L.L.P.
55 Cambridge Parkway
Cambridge, MA 02142
Telephone: (617) 452-1600
Facsimile: (617) 452-1666