UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 02-11280-RWZ

ARIAD PHARMACEUTICALS, INC.,
MASSACHUSETTS INSTITUTE OF TECHNOLOGY,
THE WHITEHEAD INSTITUTE FOR BIOMEDICAL RESEARCH,
and THE PRESIDENT AND FELLOWS OF HARVARD COLLEGE

v.

ELI LILLY & CO.

FINAL JUDGMENT

September 10, 2007

ZOBEL, D.J.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, in accordance with the verdict of the jury returned on May 4, 2006, on the issues of infringement, validity and damages (the "Verdict"); and in accordance with the Findings of Fact and Conclusions of Law of the court issued on July 6, 2007 (the "Court's Findings"); a Final Judgment is entered for the plaintiffs ARIAD Pharmaceuticals, Inc., Massachusetts Institute of Technology, The Whitehead Institute for Biomedical Research, and The President and Fellows of Harvard College (collectively, "Plaintiffs") against the defendant Eli Lilly and Company ("Lilly") as follows:

**Validity and Enforceability**

1.      As set forth in the Verdict and the Court's Findings, claims 80, 95, 144, and 145 of U.S. Patent No. 6,410,516 ("the '516 patent"), asserted in this action, were

not proven invalid or unenforceable by clear and convincing evidence.

**Infringement**

2.      Lilly is liable for active inducement of infringement and contributory infringement of each of claim 80 and claim 95 of the '516 patent by Lilly's sales of Evista® (raloxifene hydrochloride) after June 25, 2002, in the United States in accordance with the product label for prevention or treatment of osteoporosis, and for active inducement of infringement and contributory infringement of each of claim 144 and claim 145 by Lilly's sales of Xigris® (recombinant activated protein -c) after June 25, 2002, in the United States in accordance with the product label for treatment of severe sepsis.

**Determination and Reporting of Damages**

3. Lilly's monetary liability for patent infringement damages shall be established as follows:

(a)    For sales of Evista and Xigris prior to May 4, 2006, $65,183,533.47.

(b)    For sales of Evista (in accordance with the product label for prevention or treatment of osteoporosis) and Xigris (in accordance with the product label for treatment of severe sepsis) from May 4, 2006, until September 30, 2007, a sum equal to 2.3% of net sales revenue in the United States to be reported no later than October 31, 2007, to an individual or individuals to be designated in writing by Plaintiffs' counsel.

(c)    For sales of Evista (in accordance with the product label for prevention or

treatment of osteoporosis) and sales of Xigris (in accordance with the product label for treatment of severe sepsis) after September 30, 2007, until expiration of the '516 patent, an amount equal to 2.3% of net sales revenue in the United States to be reported quarterly no later than 45 days after the close of the calendar quarter (the "Reporting Date") to an individual or individuals to be designated in writing by Plaintiffs' counsel.

(d)   Post-judgment interest, at the rate determined pursuant to 28 U.S.C. § 1961, shall accrue from the date of this Final Judgment with respect to subparagraph (a); from October 31, 2007, with respect to subparagraph (b); and from the Reporting Date with respect to subparagraph (c) until paid pursuant to paragraph 5, below.

**Deferral of Payments**

4. Lilly may defer payment of accrued damages and interest as set forth in subparagraphs (a) through (d) of paragraph 3 above until the later of 14 days after (a) mandate issues from the Court of Appeals for the Federal Circuit; (b) a final order or judgment issues from the Supreme Court; or (c) the period for appeal or review has expired.

**Payment of Damages**

5. After the end of the deferral period set forth in paragraph 4 above, Lilly shall pay to Plaintiffs by wire transfer to a bank or other repository as designated from time to time in writing by Plaintiffs' counsel:

3

(a) Within 30 days of the end of the payment deferral period the damages specified in paragraph 3(a) and any damages then reported pursuant to paragraphs 3(b) and (c) with interest as specified in paragraph 3(d).

(b) If the deferral period ends prior to October 31, 2007, the damages specified in paragraph 3(b) on October 31, 2007.

(c) Thereafter, payment will be made on the Reporting Date as set forth in paragraph 3(c).

## Security

6. The parties agree that Lilly is an adequately capitalized, solvent corporation capable of paying the damages set forth in this Final Judgment.  Therefore, it is further ordered that any requirement for a bond or posting of other security during the deferral period set forth in paragraph 4 is waived.

## Modification of Terms

7. It is anticipated that, as sophisticated entities, the parties may wish to agree to more comprehensive or convenient terms, or to vary the terms of this judgment. The parties shall promptly notify the court of any such agreement.

## Retention of Jurisdiction

8. This court retains jurisdiction over this matter for purposes of enforcing or, if appropriate, modifying this judgment.  All relief not specifically granted herein is denied.

SO ORDERED.

_____September 10, 2007_____          _____/s/Rya W. Zobel_____
            DATE                              RYA W. ZOBEL
                                      UNITED STATES DISTRICT JUDGE